**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0111n.06
Filed: February 13, 2006

**04-4548**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| THEODORE M. ALEXANDER, JR., | ) | NORTHERN DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | |

Before: NELSON, DAUGHTREY, and ROGERS, Circuit Judges.

**PER CURIAM.** The defendant, Theodore Alexander, appeals his conviction following the entry of a guilty plea to one count of conspiracy to distribute and seven counts of possession with intent to distribute various quantities of crack cocaine. He was sentenced to 155 months' incarceration, to be served concurrently with another federal sentence that he had received in an unrelated case. Alexander now appeals both his conviction and his sentence, raising a claim of ineffective assistance of counsel and contending that his case should be remanded for resentencing under *United States v. Booker*, 543 U.S. 220 (2005).

The defendant's ineffective-assistance claim is premised on counsel's failure to challenge as a violation of due process the 22-month delay between the prior federal

prosecution and the indictment in this case, given that all of the offenses occurred during the same general time period. The government argues in response that this is the unusual case in which it is clear from the existing record that the defendant suffered no prejudice from the delay, because the sentences in both cases were run concurrently and the defendant was credited with the time he had served against both sentences. Nevertheless, we believe that it would be prudent to follow our usual policy of reserving questions regarding ineffective assistance for review under 28 U.S.C. § 2255, pursuant to which a motion to vacate sentence may be filed in the district court within one year of the date this appeal becomes final. At that time, a more complete record of the events giving rise to the claim can be developed. We therefore decline to consider the defendant's claim that he received ineffective assistance of counsel.

Nor are we able to review the propriety of the defendant's sentence in this appeal, because of the plea agreement that the defendant executed with the government. In that agreement the defendant explicitly relinquished the right to appeal his sentence unless it was based on an "upward departure from [the] guideline range established in th[e] agreement," which was 151-188 months. The only other claims that the agreement excepts from the waiver of appeal are "claims of ineffective assistance of counsel or prosecutorial misconduct." We therefore hold, under the authority of *United States v. Bradley*, 400 F.3d 459, 465-66 (6th Cir. 2005), that the defendant has waived his right to challenge his sentence under *Booker*.

For the reasons set out above, the appeal in this case is DISMISSED.